UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KASHAAN J.,[1]

                                   Plaintiff,            Case # 23-CV-06538-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.
_____

## INTRODUCTION

Plaintiff Kashaan J. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 9. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In January 2021, Plaintiff applied for DIB benefits with the Social Security Administration ("the SSA"). Tr.[2] 73–74. She alleged disability since January 15, 2021, due to physical injuries that resulted from her being hit by a car as a pedestrian, as well as depression, anxiety, asthma, and migraines. Tr. 74–75. The claim was initially denied on May 18, 2021, and upon

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

reconsideration on September 29, 2021. Tr. 17. On October 13, 2022, Administrative Law Judge Dory Sutker ("the ALJ") held a hearing. Tr. 37–71. The ALJ issued a decision finding that Plaintiff was not disabled on November 29, 2022. Tr. 17–32. Plaintiff requested review by the Appeals Council, but the request was denied on July 25, 2023. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff had severe impairments in the form of fractures in the bilateral lower extremities and right upper extremity as well as soft tissue injuries. Tr. 20–21. The ALJ also found that Plaintiff's other impairments, including her mental impairments, were non-severe. Tr. 20. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 24–25.

Next, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that she could: frequently stoop and balance; occasionally climb ladders, ropes, scaffolds, ramps and stairs; occasionally kneel, crouch and crawl; and perform only simple tasks. Tr. 25. At step four, the ALJ determined that Plaintiff could not perform her past relevant work as a certified nursing assistant. Tr. 31. At step five, the ALJ found that, given her age, education, work experience, and RFC, there were jobs available in the national economy that Plaintiff could perform. Tr. 31–32. The ALJ determined that under Medical Vocational Rule 201.28, a person with Plaintiff's vocational profile who was capable of the full range of sedentary work was deemed not disabled. Tr. 32. The ALJ further determined that under the Social Security Rulings, the additional limitations in the RFC would not impact the number of jobs available in the sedentary, unskilled occupational base. Tr. 32. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 32.

II.  Analysis

Plaintiff asserts that the ALJ failed to identify substantial evidence supporting the RFC finding because she failed to evaluate the medical opinions pursuant to the appropriate legal standards and relied upon an insufficient record. ECF No. 7-1 at 14. For the reasons discussed below, the Court concludes that remand is not warranted on these grounds.

   a.  Evaluation of Medical Opinions in Determining RFC

Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ did not evaluate the medical opinions under the appropriate legal standards. *Id.* First, Plaintiff challenges the ALJ's evaluation of medical opinions from Drs. Wallace and Periakaruppan as they relate to the RFC finding. *See* ECF No. 7-1 at 16–21. She contends that the ALJ's analysis of Drs. Wallace's and Periakaruppan's opinions was not supported by substantial evidence. *Id.* at 16–20. She also argues that remand is warranted because the ALJ's ultimate RFC finding contradicts the persuasiveness afforded to the opinions of Drs. Wallace and Periakaruppan. *Id.* at 20–21. The Court disagrees.

The ALJ's analysis of Drs. Wallace's and Periakaruppan's opinions was supported by substantial evidence. The ALJ found the opinions persuasive. Tr. 29. While they neither treated nor examined the claimant, Drs. Wallace and Periakaruppan reviewed the available evidence of record at the time of their respective May and September 2021 record reviews. Tr. 29. The ALJ found their opinions persuasive because they cited to evidence in the record and explained the reasoning for their assessments. Tr. 30. The ALJ noted that this reasoning included consideration of the Plaintiff's subjective complaints of pain, her performance during the consultative exam when she was still recovering from her injuries, and the expectation that her injuries would

5

improve. Tr. 30. The ALJ also found that Drs. Wallace's and Periakaruppan's assessments were consistent with and supported by the medical evidence in the record. Tr. 30.

To support her argument, Plaintiff points to other treatment and opinion evidence in the record that contradicts Drs. Wallace's and Periakaruppan's opinions. ECF No. 7-1 at 16–20. Plaintiff also notes that additional treatment records were added to the record after Drs. Wallace's and Periakaruppan's assessments were conducted and therefore were not considered by Dr. Wallace or Periakaruppan. *Id.* at 18–20. However, if the ALJ's conclusions are "reasonably supported by the record, [they] must be given conclusive effect even if the administrative record may also adequately support contrary findings on particular issues." *Tasha S. v. Comm'r of Soc. Sec.*, No. 20-CV-421, 2021 WL 3367588, at *5 (W.D.N.Y. Aug. 3, 2021) (quotation marks omitted). The mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). The ALJ's opinion need only be supported by substantial evidence, which is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran*, 569 F.3d at 112. As for the additional treatment records, so long as the additional records have not raised doubts as to the reliability of the prior opinion, the addition of such records alone does not make an opinion stale. *See Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (summary order).

Here, the ALJ explained that she found the opinions persuasive because the doctors reviewed the record, cited to evidence in the record, and explained their reasoning when giving their opinions. Tr. 30. She also found that their opinions were consistent with and supported by the record. Tr. 30. Further, the ALJ acknowledged that Drs. Wallace and Periakaruppan did not review the later submitted treatment records but explained that the additional treatment notes did

not reflect a meaningful change or deterioration in Plaintiff's presentation.[3] Tr. 29–30. These explanations are sufficient such that a reasonable mind would accept them as adequate evidence to support the ALJ's conclusion that the opinions were persuasive. Therefore, the ALJ's analysis of Drs. Wallace's and Periakaruppan's opinions was supported by substantial evidence and remand is not warranted.

The Court also rejects Plaintiff's argument that the ALJ's ultimate RFC finding contradicts the persuasiveness afforded to the opinions of Drs. Wallace and Periakaruppan. *See* ECF No. 7-1 at 20–21. In reaching the RFC determination, the ALJ discussed all of the relevant opinions in the record and why she found them persuasive or unpersuasive. Tr. 29–31. She also considered Plaintiff's testimony at the hearing but noted that the testimony was inconsistent with other evidence in the record. Tr. 25–27. For instance, at the hearing in October 2022, Plaintiff testified that she was "unable to cook for herself, she need[ed] a shower chair to bathe, and she use[d] a commode to use the bathroom." Tr. 26. However, in September 2021, Plaintiff had "reported that it was very easy for her to cook for herself and her family, pay her bills on time, manage finances, keep her living space clean, [and] tend to personal hygiene." Tr. 27.

Ultimately, the ALJ decided to view the evidence "in the light most favorable to the claimant" and based on her testimony, limited her RFC beyond what the relevant medical opinions of record opined by adding a "restriction to simple tasks to account for her ongoing pain and its reported effect on her mobility and concentration." Tr. 30. She concluded by explaining that her RFC was "supported by the objective medical evidence of record, the claimant's subjective

---

[3] The Court briefly addresses Plaintiff's argument that the later added treatment records related to Plaintiff's migraines raise doubts as to the reliability of Drs. Wallace's and Periakaruppan's opinions. ECF No. 7-1 at 19–20. Contrary to Plaintiff's claim, the ALJ discussed all of the relevant evidence related to Plaintiff's migraines and noted that Plaintiff's presentation on focused neurological exams was consistently unremarkable. Tr. 20–21. Because this is consistent with the ALJ's conclusion that the additional treatment notes did not reflect a meaningful change or deterioration in Plaintiff's presentation, the Court rejects Plaintiff's argument related to the migraine treatment notes.

complaints, the fact that no treating or examining medical or psychological professional persuasively opined limitations beyond the residual functional capacity, and the impact of the claimant's impairments upon her ability to sustain more than minimal activity." Tr. 31.

For the case to be remanded, Plaintiff must show that any error by the ALJ is harmful. *See Zabala v. Astrue,* 595 F.3d 402, 409 (2d Cir. 2010). Here, Plaintiff does not cite to any additional limitation that she believes should be added to the RFC on remand. Additionally, Plaintiff does not contend that any of the relevant medical opinions support greater RFC limitations than the ALJ determined for Plaintiff.[4] Thus, even if Plaintiff's argument that the ALJ erred in evaluating the opinions were correct, any error is harmless because Plaintiff received greater limitations in her RFC, which ultimately benefited her claim. *See Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) (holding that the ALJ giving the plaintiff the benefit of the doubt and including a greater limitation in the RFC assessment is not grounds for remand).

Second, Plaintiff argues that the ALJ did not properly evaluate Plaintiff's mental impairments when determining the RFC. Specifically, she argues the ALJ did not properly evaluate the consultative psychological opinion of Dr. Ransom when determining that Plaintiff's mental impairments were not severe and that the ALJ did not consider Plaintiff's medically determinable mental impairments when establishing the RFC finding. ECF No. 7-1 at 25–23. The Court disagrees.

The ALJ's rejection of the more limiting parts of Dr. Ransom's opinion was supported by substantial evidence. Dr. Ransom found that the results of her evaluation were consistent with a

---

[4] While Dr. Toor's opinion may have included findings that could have supported a more limited RFC, Dr. Toor's exam was done three months after Plaintiff's accident, and Dr. Toor noted that Plaintiff should be reevaluated after she recovered from her accident. Tr. 795–96. Because it is undisputed that Plaintiff further recovered from her physical injuries after Dr. Toor's evaluation and Plaintiff does not point to any specific evidence from the opinion to support a greater limitation in her RFC, the Court concludes that Dr. Toor's opinion was not relevant for determining the RFC. *See Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (noting that, to be disabled, a claimant's work-preclusive impairments must be "expected to last for a *continuous period of not less than 12 months*" (emphasis added)).

8

moderate psychiatric condition that would moderately interfere with Plaintiff's ability to function on a daily basis. Tr. 762. The ALJ found that Dr. Ransom's opinion was partially persuasive. Tr. 30. She found it only partially persuasive because this evaluation took place less than three months after the claimant was hit by a vehicle, which was the event that triggered her PTSD symptoms. Tr. 31. Additionally, she cited to other evidence in the record from psychological consultants Drs. Juriga and Bhutwala that found that Plaintiff's PTSD symptoms improved with treatment and time, and overall, did not persist at a severe level for twelve consecutive months. Tr. 30–31. Finally, she noted that the mini-mental status exam performed by Dr. Ransom was completely normal and not supportive of the moderate limitations Dr. Ransom assessed. Tr. 31.

Plaintiff points to other treatment evidence in the record that could support the moderate limitations found by Dr. Ransom and that could demonstrate that Plaintiff's condition did not improve over the twelve-month period. ECF No. 7-1 at 26–29. However, again, the mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S.*, 2021 WL 2592363, at *4. Here, different consultative doctors came to different conclusions about the severity of Plaintiff's psychological limitations. The ALJ acknowledged these conflicts in the record, resolved them, and arrived at reasonable factual conclusions. Therefore, her conclusions were supported by substantial evidence and remand is not warranted.[5]

Plaintiff also argues that the ALJ did not properly consider Plaintiff's medically determinable mental impairments when establishing the RFC finding because she did not consider the combined effect of all of Plaintiff's non-severe mental impairments and because she did not

---

[5] Plaintiff also argues the ALJ erred when stating that Dr. Ransom's examination was completely normal because Dr. Ransom had indicated that Plaintiff had a moderately tense and dysphoric affect and pressured speech. ECF No. 7-1 at 26. Even assuming that Plaintiff is correct that Dr. Ransom's examination was not completely normal, the ALJ's explanation that she only found Dr. Ransom's opinion partially persuasive because it was so close to the accident and it conflicted with other opinions in the record satisfies the substantial evidence requirement. Thus, any error would be harmless and remanded is not warranted.

address how the RFC took into account Plaintiff's non-severe mental impairments. ECF No. 7-1 at 29. In reaching an RFC determination, an ALJ must "conduct an analysis that permits adequate review on appeal." *Tavion T. v. Comm'r of Soc. Sec.*, No. 20-CV-00514, 2021 WL 1559243, *4 (W.D.N.Y. Apr. 21, 2021). Nevertheless, "remand is not required where the evidence of record permits [the district court] to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (summary order) (quotation marks omitted).

In the RFC section, the ALJ discussed why she found each psychological consultative opinion persuasive or unpersuasive. For the reasons discussed above, the ALJ found Dr. Ransom's partially persuasive. *See* Tr. 30–31. As for the opinions of Drs. Juriga and Bhutwala, she found them persuasive because they were consistent with the other evidence in the record that Plaintiff had stopped following up with her mental health providers in July 2021, had sought mandated follow up for substance abuse treatment only, despite some ongoing substance abuse, had reported independence with daily activities, and had even reported working on a full-time basis. Tr. 30. Further, the ALJ noted that no psychological professional persuasively opined limitations beyond the ALJ's RFC determination. Tr. 31.

From this analysis, the Court can glean that the ALJ did not find Plaintiff's mental impairments, alone or in combination, warranted more restrictive limitations in the RFC because Plaintiff had reported independence with daily activities and working on a full-time basis, suggesting her mental impairments did not limit her functioning. Additionally, the Court can glean that the ALJ took Plaintiff's mental impairments into consideration when making the RFC determination because the ALJ noted the consultative psychological opinions and noted that none of the opinions persuasively opined that Plaintiff required greater limitations in the RFC. Therefore, remand is not warranted.

b. **Insufficiency of the Record**

Plaintiff's final argument is that the ALJ erred by finding Dr. Toor's opinion unpersuasive and that the ALJ's analysis highlights the gaps in the record as it relates to Plaintiff's RFC. ECF No. 7-1 at 21. Specifically, she argues that the ALJ erred when finding Dr. Toor's opinion of little persuasive value because she did not identify information that was inconsistent with Dr. Toor's opinion at the time the opinion was rendered. *Id.* She also argues that there is a gap in the record because the ALJ was required to recontact Dr. Toor and because the ALJ gave greater restrictions in the RFC than the persuasive opinions in the record suggested. *Id.* at 21–25. The Court disagrees.

The Court rejects Plaintiff's line of reasoning—that, because the ALJ did not identify any information that was inconsistent with Dr. Toor's opinion at the time the opinion was rendered, she erred in finding that Dr. Toor's opinion was of little persuasive value. *Id.* at 21. Again, this Court's review is limited to determining whether the ALJ's conclusions were supported by substantial evidence in the record. Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran*, 569 F.3d at 112. Thus, so long as the ALJ's conclusion that Dr. Toor's opinion is of little persuasive value is supported by substantial evidence in the record, the Court must affirm.

In her decision, the ALJ explained that she found that Dr. Toor's opinion was entitled to some persuasive value because it was consistent with his own exam findings. Tr. 30. However, she ultimately determined it was of little persuasive value because it took place just three months after Plaintiff's accident and was inconsistent with other evidence in the record showing that Plaintiff's injuries improved over time. Tr. 30. It is undisputed that Plaintiff further recovered from her physical injuries after Dr. Toor's examination. Indeed, Dr. Toor even anticipated that she would recover, noting that she should be reevaluated in the next few months as she recovers from

her accident. Tr. 795. In light of the other evidence in the record indicating that Plaintiff recovered further from her injuries—which Plaintiff does not contest —a reasonable mind would accept the ALJ's conclusion that Dr. Toor's opinion is of little persuasive value. Therefore, the ALJ's conclusion was supported by substantial evidence and remand is not warranted.

The Court also rejects Plaintiff's argument that remand is warranted because there is a gap in the record. Plaintiff makes two arguments related to the gap in the record. First, she argues that the ALJ relied on a gap in the record when she did not contact Dr. Toor for an updated opinion after Plaintiff further recovered from her injuries and did not contact him for a function-by-function assessment. ECF No. 7-1 at 21–23. And second, she argues that because the ALJ gave greater restrictions in the RFC than the persuasive opinions in the record suggested, she relied on a gap in making her RFC determination. *Id.* at 23–25. However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79, n.5 (quotation marks omitted).

Here, there is no obvious gap in the record. Plaintiff alleged disability since January 15, 2021. Tr. 17. The record includes treatment records from December 2020 to June 2022, a consultative psychological examination from April 2021, a consultative internal medicine examination from April 2021, opinions from two state agency medical consultants completed in May 2021 and September 2021, and two opinions from state agency psychological consultants completed in May 2021 and September 2021. The Court concludes that based on this record, the ALJ possessed a complete medical history and was under no obligation to seek additional information. *See Rosa*, 168 F.3d at 79, n.5. Further, as explained above, even if the ALJ erred by

not relying on an opinion in making the RFC determination, any error was harmless because it ultimately benefited Plaintiff's claim. As such, remand is not warranted.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 26, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York